**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000004
21-MAY-2012
08:08 AM**

NO. CAAP-11-0000004

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRIS GRINDLING, Petitioner-Appellant,
v.
MAUI POLICE DEPARTMENT, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(SPECIAL PROCEEDING NO. 09-1-0081(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Petitioner-Appellant Chris Grindling (Grindling) appeals from the Circuit Court of the Second Circuit's (circuit court) Judgment in favor of Respondent-Appellee Maui Police Department (MPD) and against Grindling, declaring Grindling a vexatious litigant, filed July 13, 2010.[1]

Grindling raises the following points of error on appeal: 1) "HRS 634J-Applies to Civil Action Not Criminal[,]" and 2) "This Matter is Not a Civil Action as Court Ruled[.]"

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Grindling's points of error as follows:

---

[1] The Honorable Joseph E. Cardoza presided.

Grindling does not challenge any of the findings made by the circuit court other than the finding that this is a civil action. Except as to this challenge, we are therefore bound by the circuit court's findings. See Bremer v. Weeks, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004).

Although Grindling is correct in asserting that Hawaii Revised Statutes (HRS) § 634J (1993 Repl.) applies to civil actions and not criminal actions,[2] his point of error and argument that this matter is not a civil action is without merit. Grindling initiated a special civil proceeding in this case by seeking the return of seized property. Although Grindling sought the return of property that was seized due to an underlying criminal burglary case, this case is a civil action. See Carlisle v. One (1) Boat, 119 Hawai'i 245, 195 P.3d 1177 (2008). Moreover, the cases cited by the circuit court for purposes of determining Grindling to be a "vexatious litigant" were civil actions rather than criminal proceedings.

Grindling's argument that the circuit court erred in determining that he is a "vexatious litigant" pursuant to HRS § 634J-1 is also without merit. We review a lower court's determination that a party is a vexatious litigant under an abuse of discretion standard. See Ek v. Boggs, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) ("Although we have not heretofore adopted a standard for reviewing a vexatious litigant determination, we believe it should be an abuse of discretion standard.")

---

[2] "Litigation" is defined, for purposes of HRS § 634J-1, Hawaii's vexatious litigant statute, as "any civil action or proceeding, commenced, maintained, or pending in any state or federal court of record." HRS § 634J-1.

HRS § 634J-1[3] sets forth three separate definitions for "vexatious litigant" and a plaintiff is a vexatious litigant if he or she meets any of the three definitions. In this case, at a minimum, the record establishes that Grindling meets two of the definitions for a vexatious litigant.

The circuit court did not abuse its discretion in determining Grindling to be a vexatious litigant under the first definition. In the seven years prior to MPD's motion seeking to have Grindling deemed a vexatious litigant, Grindling had filed *in propria persona*[4] at least five cases that had been finally determined adversely to him or that had unjustifiably remained pending at least two years without having been brought to trial or hearing.

---

[3] HRS § 634J-1 defines a "vexatious litigant" in pertinent part as follows:

> "Vexatious ligitant" means a plaintiff who does any of the following:
> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five civil actions other than in a small claims court that have been:
>    (A) Finally determined adversely to the plaintiff; or
>    (B) Unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing;
> (2) After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:
>    (A) The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
>    (B) The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;
> (3) In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay[.]

[4] "'In propria persona' means on the person's own behalf acting as a plaintiff." HRS § 634J-1.

Alternatively, the circuit court did not abuse its discretion in determining Grindling to be a "vexatious litigant" under the third definition. As set forth in the circuit court's findings and unchallenged on appeal, Grindling attempted to relitigate the same claim as to the same stolen property five times. Furthermore, there are multiple cases filed by Grindling that were withdrawn, dismissed for failure to serve the complaint, or dismissed for non-payment of fees.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment entered by the Circuit Court of the Second Circuit on July 13, 2010, declaring Christopher Grindling a vexatious litigant, is affirmed.

DATED: Honolulu, Hawai'i, May 21, 2012.

On the briefs:

Chris Grindling
Petitioner-Appellant Pro Se

Moana M. Lutey
Deputy Corporation Counsel
County of Maui
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

4